STATE BOARD OF MEDICAL EXAMINERS, PLAINTIFF—PROSECUTOR IN CERTIORARI, v. HENRY P. LIVESEY, DEFENDANT—RESPONDENT IN CERTIORARI.

Submitted November 4, 1927—Decided February 8, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the respondent in *certiorari, Elmer W. Romine.*

For the prosecutor in *certiorari, Grover C. Richman* and *Edward L. Katzenbach,* attorney-general.

PER CURIAM.

The defendant in this case was charged with the practice of medicine and surgery without a license. The case was tried before the First District Court of Jersey City, and the court gave judgment for the defendant. The state board sued out this writ to review that judgment.

At the trial it appeared that the defendant was a licensed chiropractor; that his place of business was in Arlington; that he had a reception room, a treating room and an electrical machine; that he prescribed a diet for various people, who testified as witnesses, and gave them salts to take inwardly; that he gave them oxy-christine into which, according to the witnesses, but denied by him, he said that he had put some other ingredients; that he also gave the witnesses electrical treatments using an electric vibrator attached to an electric machine; that he sometimes used an electric lamp which he held close to the various parts of the body until they became very warm, and that the witnesses paid him for these treatments.

Whether or not the defendant prescribed or gave medicines was manifestly in dispute in the evidence, and the judgment, therefore, cannot be disturbed on that ground. But, beyond dispute, he did give electrical treatments for various ailments. So far as this court is concerned, we are bound to hold that in so doing he exceeded his authority under the statute. See *State Board of Medical Examiners* v. *Lezenby*, 1 *N. J. Mis. R.* 20, in which it was held that the giving of electrical treatments was a violation of the State Medical act, and a judgment in favor of the accused was reversed.

In the case at bar the defendant seeks to evade the effect of that decision by calling attention to the provision of the Medical act as amended by *Pamph. L.* 1921, *p.* 707, which exempts therefrom any person resident of this state "who has been continuously engaged in giving treatment by electricity herein during the past fourteen years; provided, that said person has graduated from a legally incorporated electro-therapeutic school in good standing."

We think the answer to the contention of the accused that he is excused by virtue of the language quoted is that, as we read it there is no evidence in the case that he *continuously* was engaged in giving treatment by electricity *in this state* during the past fourteen years, and certainly none that he was such a graduate as the statute described.

The judgment will be reversed and the cause remitted for a new trial.