MARY MILLER, PROSECUTOR, v. NEW JERSEY STATE BOARD OF MEDICAL EXAMINERS ET AL., RESPOND-ENTS.

NANCY KEHOE, PROSECUTOR, v. NEW JERSEY STATE BOARD OF MEDICAL EXAMINERS ET AL., RESPOND-ENTS.

Submitted January 18, 1933—Decided July 25, 1933.

Before Justices PARKER, LLOYD and HEHER.

For the prosecutors, *Merritt Lane*.

For the respondents, *William A. Stevens* and *Robert Peacock*.

PER CURIAM.

The prosecutors in these cases were convicted of violation of section 10 of the act to regulate the practice of medicine and surgery (1 *Cum. Supp. Comp. Stat., p.* 1872), and writs

of *certiorari* were allowed to review the convictions. In substance the charges were practicing medicine and surgery without a license, Mary Miller being the principal and Nancy Kehoe her assistant in such practices.

Mary Miller has a license to practice chiropractic only. The proofs show that Mrs. Miller had an office and treating rooms at 327 Park avenue, Paterson, with the sign "Dr. Mary Miller" on the window and the words "Dr. Miller" on the door mat; that she diagnosed the ailments of the witnesses and prescribed a diet of food and soda as a medicine, and administered electric treatments, which treatments were also given by Nancy Kehoe. Some of the treatments were for a fibroid tumor as diagnosed by Mrs. Miller, in which she changed the dressings; one for cancer, one for gall bladder and bronchial trouble. In one instance at least she directed the administration of opiates at the direction of a physician she called on the telephone. In addition to the foregoing she advertised herself as Dr. Miller under the classified list of physicians in the city directory.

It is needless to say that under the authority of numerous cases of which it is only necessary to cite that of *State Board* v. *Livesey*, 140 *Atl. Rep.* 444; *affirmed*, 105 *N. J. L.* 255, this constituted the practice of medicine without a license.

The prosecutors contend, however, that because the act of 1920 (*Pamph. L., p.* 15), which defined "chiropractic" was repealed, there is now no legal definition of the word and therefore the prosecutors were not offending. Even though the legislature has not since defined the work this does not deprive it of all meaning and did not prevent a conviction in the Livesey case. The dictionary definition (Webster's New International) is "the practice of adjusting the joints, especially of the spine, by hand, for the curing of disease."

It is next argued that Mrs. Miller was a graduate of an electro-therapeutic school and had practiced for fourteen years prior to the adoption of chapter 221 of the laws of 1921 (page 706) and that she came within the exception of section 9 of that act. It is sufficient to say that the proofs intended to invoke this exception were wholly insufficient. The school appealed to was not proved to be. of "good standing" nor was

Mrs. Miller practicing when the act was first passed in 1903. Section 9, page 495.

The rules of the board, if any, are not printed nor identified so we cannot say that the court erred in their rejection.

The suggestion unconstitutionality of the general act is not argued and perhaps wisely in view of numerous cases in this court and the Court of Errors and Appeals to the contrary.

The judgments are affirmed, with costs.